**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Geralys Martinez, *et al.*,

        Plaintiffs,                            Case No.  1:13cv485

        v.                                  Judge Michael R. Barrett

Alejandro Mayorkas*,*
Director, U.S. Citizenship &
Immigration Services, *et al.*,

        Defendants.

<u>**OPINION & ORDER**</u>

This matter is before the Court upon Defendants' Motion to Dismiss.  (Doc. 9). Plaintiff filed a Response (Doc. 10) and Defendants filed a Reply (Doc. 11).

**I.**    <u>**BACKGROUND**</u>

Plaintiffs Geralys Martinez, an American citizen, married Erick Westreicher, a native and citizen of Peru, on January 30, 2008. (Doc. 1, PageID #2). On September 28, 2008, Martinez filed a Petition for Alien Relative ("Form I-130") on Westreicher's behalf with the United States Citizenship and Immigration Services ("USCIS").  (Doc. 1, PageID #4; Doc. 9, PageID #35-36; Doc. 9-1, PageID #49). Concurrently, Westreicher filed an application for Adjustment of Status to Legal Permanent Resident ("Form I-485").  (Id.)

On January 30, 2009, the Cincinnati District Office of USCIS interviewed both Martinez and Westreicher.  USCIS reviewed the Form I-130 and Form I-485 with Plaintiffs.  Later, in March 2010, USCIS sent Plaintiffs a Notice of Intent to Deny ("NOID").  (Doc. 9, PageID #36).  On April 5, 2010, the USCIS denied the Form I-130 on

grounds of perceived discrepancies and also denied the Form I-485. (See Doc. 9-1, PageID #50; Doc. 16-1, Helaine Tasch Dec. ¶ 4).

On July 16, 2010, Plaintiffs appealed the denial to the Board of Immigration Appeals ("BIA"). (Doc. 1, PageID #4). The appeal was granted. However, BIA remanded the matter back to USCIS on grounds that the record submitted was incomplete. (Doc. 9, PageID #36). Upon remand, USCIS reopened the case. (Id.) About fifteen months later, on October 18, 2011, USCIS conducted a second interview with both Martinez and Westreicher. During this interview, USCIS reviewed with Plaintiffs the perceived discrepancies in Plaintiffs' petition and application.

Plaintiffs allege that before filing this case, USCIS did not respond to repeated inquiries regarding the status of Plaintiffs' Form I-130 and Form I-485. Central to Plaintiffs' claim is that there has been about a twenty-one month delay without adjudication on Plaintiffs' petition and application. After Plaintiffs filed the case, USCIS conducted a third interview, or "re-interviewed" both Martinez and Westreicher on August 29, 2013. About three weeks later, on September 18, 2013, USCIS sent to Plaintiffs a second NOID to deny the Form I-130. (Doc. 9-1, PageID #51).

Plaintiffs contend the case is still pending without adjudication because USCIS issued a second NOID, rather than adjudication (Doc. 10, PageID 72) (citing Doc. 9-1, PageID # 48-57). However, Defendants explain that USCIS denied the Form I-485 on April 5, 2010, and on November 6, 2013, USCIS denied the Form I-130. (Doc. 16-1, Tasch Dec. ¶ 4).

Plaintiffs filed a complaint for a writ of mandamus, seeking to compel the USCIS, the Attorney General and Secretary of Homeland Security to act upon Plaintiffs' Forms

I-130 and I-485. As grounds for the Court's jurisdiction, Plaintiffs rely on 28 U.S.C. § 1331 (federal question statute); 28 U.S.C. § 1361 (Mandamus Act); 5 U.S.C. § 701 (Administrative Procedure Act); and 28 U.S.C. § 2201 (Declaratory Judgment Act).

In their Motion to Dismiss, Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Federal Rule Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

## II.  ANALYSIS

### A.  Motion to Dismiss Standard

Subject matter jurisdiction is a threshold matter that a court must decide prior to evaluating whether to dismiss a complaint for failure to state a claim. *City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp. 971, 975 (S.D. Ohio 1993); *accord Moir v. Greater Cleveland Trans. Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946) ("The Court will consider the 12(b)(1) motion first, as the 12(b)(6) challenge becomes moot if subject matter jurisdiction is lacking.")). "In considering whether to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(1) due to lack of subject matter jurisdiction, the plaintiff bears the burden of proving the existence of subject matter jurisdiction." *Hawaiian Vill. Computer v. Print Mgmt. Partners*, 501 F. Supp. 2d 951, 952 (E.D. Mich. 2007) (quoting *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996)).

Attacks on subject matter jurisdiction may be either facial attacks or factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack challenges the legal sufficiency of the allegations of the complaint, and "goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction, and

the court takes the allegations of the complaint as true for purposes of Rule 12(b)(1) analysis." *Cartwright v. Garner*, No. 12-6314, 2014 WL 1978242, at *6 (6th Cir. 2014) (citation omitted). If those allegations establish federal claims, then jurisdiction exists. *Gentek Bldg. Prod., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (discussing Rule 12(b)(1) facial attacks). In contrast, a factual attack challenges the factual existence of subject matter jurisdiction, rather than the legal sufficiency of the allegations. *Ritchie*, 15 F.3d at 598.

When reviewing a 12(b)(6) motion to dismiss for failure to state a claim, this Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). To properly state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]o survive a motion to dismiss, a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. Mandamus Act

Under the Mandamus Act, "[t]he district courts shall have original jurisdiction of

4

any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

Defendants argue that Plaintiffs' claim under the Mandamus Act is moot because the Form I-485 was denied on April 5, 2010 and the Form I-130 was denied while Defendants' Motion to Dismiss was being briefed, on November 6, 2013.

A case becomes moot if the issues presented are "no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Los Angeles Cnty. v. Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983) (citation omitted). The mootness inquiry must be made at every stage of the litigation. *Coal. for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004).

Federal district courts have often dismissed as moot mandamus actions requesting adjudication of an I–130 petition or I-485 application once the petition or application has been adjudicated. *See*, *e.g.*, *Mohammed v. Holder*, 695 F. Supp. 2d 284, 289-90 (E.D. Va. 2010); *Iredia v. Fitzgerald*, No. 10–228, 2010 WL 2994215, *3 (E.D.Pa. July 27, 2010); *Brown v. Dep't of Homeland Sec.*, No.2007–0065, 2008 WL 2329314, *1 (D.Vi. June 3, 2008); *Ordonez–Garay v. Chertoff*, No. CV F 06–1835 AWI SMS, 2007 WL 2904226, *4 (E.D.Cal. Oct.3, 2007); *Ariwodo v. Hudson*, No. H–06– 1907, 2006 WL 2729386, *3 (S.D.Tex. Sept.26, 2006); *see also Akinmulero v. Holder*, 347 Fed.Appx. 58, 60–61 (5th Cir. 2009) (petition for writ of mandamus ordering USCIS to adjudicate I-485 application was moot following administrative closure). Because the

5

Form I-485 in this case was denied on April 5, 2010 and the Form I-130 was denied on November 6, 2013, the petition for a writ of mandamus is moot because the USCIS has already adjudicated the I-485 and the I-130 and there are no pending applications before USCIS. Because the petition is moot and fails to present a justiciable case or controversy, Plaintiffs' claim based on the Mandamus Act must be dismissed.

### C.  Administrative Procedure Act

The Administrative Procedure Act, by itself, does not provide an independent basis for subject matter jurisdiction. *Califano v. Sanders*, 430 U.S. 99, 105-106 (1977). However, 28 U.S.C. § 1331, in conjunction with the APA, does allow federal district courts to establish subject matter jurisdiction. *Jama v. Dep't of Homeland Sec.*, 13-4192, 2014 WL 3673441, *3 (6th Cir. July 25, 2014). The APA allows courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1) (2014).

However, the only available remedy under the APA would have been ordering USCIS to take action on Plaintiffs' Forms I-485 and I-130. Since the USCIS denied the petition and application, Plaintiffs' APA claim is moot. *See Abulkhair v. President of U.S.*, 494 F. App'x 226, 230 (3d Cir. 2012). Therefore, Plaintiffs' claim based on the APA must be dismissed.

### D.  Declaratory Judgment Act

The Declaratory Judgment Act does not provide an independent basis for subject-matter jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950) ("The operation of the Declaratory Judgment Act is procedural only."). Because Plaintiffs have not identified any other federal statute which gives this court jurisdiction, Plaintiffs' claim under the Declaratory Judgment Act must be dismissed.

*Accord Toledo v. Jackson*, 485 F.3d 836, 839 (6th Cir. 2007).

### III.    <u>CONCLUSION</u>

Defendants' Motion to Dismiss (Doc. 9) is **GRANTED**.   Plaintiffs' claims are dismissed with prejudice.   This matter is **CLOSED** and **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

<u>       /s/ Michael R. Barrett           </u>
JUDGE MICHAEL R. BARRETT